UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOGANER SAHIN<br><br>                      Petitioner,<br><br>v.<br><br>JEREMY CASEY, Facility Administrator at the Imperial Regional Detention Facility; DANIEL BRIGHTMAN, Acting Field Office Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of United States Department of Homeland Security; and PAM BONDI, Attorney General of the United States,<br><br>                      Respondents. | Case No.: 3:26-cv-1078-JES-BJW<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Doganer Sahin's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause, (ECF No. 2), Respondents ("the Government") filed the Response, (ECF No. 4, ("Res.")), and Petitioner filed the Traverse, (ECF No. 5).

Petitioner, a Turkish national, fled to the United States to seek humanitarian aid. Upon arrival, Petitioner was deemed inadmissible and subjected to mandatory detention by

Respondents. Shortly thereafter, Petitioner asserted claims for asylum and under the Convention Against Torture. Although these claims were ultimately denied, an immigration judge ("IJ") granted Petitioner withholding of removal to Turkey.

After being in immigration custody for over 27 months, Petitioner seeks habeas relief from the Court, alleging that his continued detention violates: (1) *Zadvydas* and the Immigration and Naturalization Act; (2) Substantive Due Process; and (3) Procedural Due Process. In light of such conduct, Petitioner avers that the Court should order his immediate release and enjoin the Government from removing him to a third country, without due process protections.

In its Response to the Petition, the Government argues that: (1) Petitioner's claim is jurisdictionally barred by 8 U.S.C. § 1252; (2) Petitioner is lawfully detained under § 1225; (3) his detention has not become unconstitutionally prolonged as to violate due process (ECF No. 10); and (4) if the Court finds that Petitioner is entitled to relief, the proper remedy is a bond hearing before an IJ. The purpose of this Order only calls for the Court to address the Government's first and last arguments, at this time.

## I.  Jurisdiction
### a.  8 U.S.C. § 1252

The Government's jurisdictional argument is identical to some that were addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). The Court adopts its reasoning as to this issue and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same). Accordingly, the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear Petitioner's claims.

### b.  Mootness

Federal judicial power is limited by the Constitution, which permits courts to only hear matters that present "cases" and/or "controversies." U.S. Const., art. III, § 2; *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972). The Supreme Court has

established that "in a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (citation and quotation marks omitted). Thus, a case or controversy does not exist—and a party seeking injunctive relief lacks Article III standing—if they cannot show a real and immediate threat of future injury. *Id*.

Federal courts do not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (citations omitted). "A claim is moot if it has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation omitted). Thus, a claim is moot, and therefore must be dismissed, if an event occurs that prevents a court from granting effective relief. *GTE California, Inc. v. FCC,* 39 F.3d 940, 945 (9th Cir. 1994).

Here, Petitioner alleges that Respondents intend to deport him to a third country, without due process. Pet. ¶ 5. Accordingly, he seeks injunctive relief from the Court. *Id*. In Response, the Government outlines its process of providing written notice, and an opportunity to make a credible fear claim of being removed to the identified third country, to a noncitizen. Decl. ¶ 9. The Government declares further that it intends to provide Petitioner with written notice, in compliance with its regulations, and respond accordingly if Petitioner claims credible fear. *Id*. ¶ 10.

In the absence of evidence contrary to the Government's attestation that it will comply with its regulations when removing a noncitizen—such as Petitioner—to a third country, the Court struggles to cognize a live controversy or an imminent threat of injury to Petitioner. As a result, the Court is unable to grant prospective relief to Petitioner with respect to Respondents' adherence to procedural safeguards associated with removing a noncitizen to a third country. Therefore, the Court finds that Petitioner's request for

3:26-cv-1078-JES-BJW

injunctive relief (i.e., enjoining the Government from removing him to a third country without due process protections) is **DENIED AS MOOT**.

## II.   *Zadvydas*

The INA requires that the Government detain an individual, who has been ordered removed, for ninety days while it executes their removal order. *See* 8 U.S.C. § 1231(a)(2). Absent an applicable exception, the Government must release such an individual, under supervision, if removal is not carried out within ninety days. *See id.* § 1231(a)(3). In *Zadvydas*, the Supreme Court held that when removal is not accomplished during the 90-day removal period, 8 U.S.C. § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States" and does not permit "indefinite detention." 533 U.S. at 689.

The Supreme Court has also held that six months constitutes a "presumptively reasonable period of detention." *Id.* at 701. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The "good reason to believe" standard is not a very high bar as "[a] petitioner need not establish that there exists no possibility of removal." *Freeman v. Watkins*, No. CV B:09-160, 2009 WL" 10714999, at *3 (S.D. Tex. Dec. 22, 2009).

Petitioner entered the United States on November 30, 2024, and has been remained in immigration custody to date. Pet. ¶ 17.  Petitioner's final order of removal was issued on July 15, 2025. ECF No. 4-1 at 11-14. Therefore, his removal period ended on October 13, 2025. 8 U.S.C. § 1231(a)(1)(C). Assuming that Petitioner's current detention was to continue, the presumptively reasonable period of detention would potentially terminate— and further detention may violate *Zayvadas* thereafter—on April 13, 2026.

3:26-cv-1078-JES-BJW

Petitioner contends that there is not a significant likelihood of his removal being effectuated in the reasonably foreseeable future. *Id.* ¶¶ 27-38. And therefore, he should be released immediately. *Id.* Petitioner supports his position by highlighting that despite his compliance with Respondents' requests, since July 2025, Respondents have failed to make any discernable progress in removing Petitioner to a third country. *Id.* ¶¶ 32, 38. Petitioner avers that this result is due to the IJ granting him Withholding of Removal to Turkey, which will continue to be a substantial barrier to Respondents removing him to a third country. *Id.* Petitioner avers further that there is no indication that his removal to a third country is significantly unlikely to occur in the reasonably foreseeable future. *Id.* Thus, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* (quoting *Zadvydas*, 533 U.S. at 699-70).

The Court acknowledges that the duration of Petitioner's post-removal-period detention is just shy of six months. But it is also persuaded by Petitioner's arguments and, therefore, finds that he has satisfied the "good reason to believe" standard. *See Zadvydas*, 533 U.S. at 701. In the interest of justice, the Court holds that the burden now shifts to the Government to respond. *Id.*

Accordingly, the Court **ORDERS** Respondents to **FILE** a status report by **March 30, 2026**, which shall contain sufficient information and evidence to rebut Petitioner's assertions. Specifically, whether there is a significant likelihood of Petitioner's removal to a third country, in the reasonably foreseeable future.

**IT IS SO ORDERED.**

Dated: March 23, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

5

3:26-cv-1078-JES-BJW