UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOGANER SAHIN<br><br>                      Petitioner,<br><br>v.<br><br>JEREMY CASEY, Facility Administrator at the Imperial Regional Detention Facility; DANIEL BRIGHTMAN, Acting Field Office Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of United States Department of Homeland Security; and PAM BONDI, Attorney General of the United States,<br><br>                      Respondents. | Case No.: 3:26-cv-1078-JES-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Doganer Sahin's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause, (ECF No. 2), Respondents (the "Government") filed the Response, (ECF No. 4, ("Res.")), and Petitioner filed the Traverse. (ECF No. 5). On March 23, 2026, the Court issued an order in which it: (1) set forth the factual background of this Petition; (2) found that it had jurisdiction over this matter; (3) **DENIED AS MOOT** Petitioner's request for

the Court to enjoin the Government from removing him to a third country without due process protections; (4) found that, with respect to his *Zadvydas* claims, Petitioner satisfied the "good reason to believe" standard; and (5) ordered the Government to rebut Petitioner's assertion that there is not a significant likelihood of Petitioner's removal to a third country, in the reasonably foreseeable future. *Sahin v. Casey*, No. 3:26-CV-1078-JES-BJW, 2026 WL 800558, at *1-3 (S.D. Cal. Mar. 23, 2026). On March 25, 2026, Respondents filed supplemental briefing. ECF No. 7. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II.    DISCUSSION

In the Government's Response, it correctly notes that Petitioner's removal order became administratively final on July 15, 2025. ECF No. 7 at 1. Therefore, the six month presumptively reasonable period ended on January 15, 2026—not that it will end on April 13, 2026, as indicated by the Court in its Order for Supplemental briefing. *Id*.; *Sahin*, 2026 WL 800558, at *3. The Government also informed the Court that its efforts to remove Petitioner have been unsuccessful. ECF No. 7 at 2 Thereby conceding that there is no

significant likelihood of Petitioner's removal in the reasonably foreseeable future. *Id.* Pursuant to this information, the Court finds that Respondents subjecting Petitioner to his current eight-month detention exceeds the six-month presumptively reasonable period set forth in *Zadvydas,* which violates Petitioner's due process rights. 533 U.S. at 699-701. Accordingly, the Court will order Petitioner's immediate release.

### III.    CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241;

(2) Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to conditions as determined by Respondents;

(3) The Parties are **ORDERED** to file a Joint Status Report on or before **March 31, 2026**, confirming that Petitioner has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 27, 2026

Honorable James E. Simmons Jr.
United States District Judge

3

3:26-cv-1078-JES-BJW